UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| ARTHUR C. CARLSON, JR., and wife, MARGARET G. CARLSON,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendants. | Case No.:<br><br>**COMPLAINT** |

　　NOW COME PLAINTIFFS, by and through counsel, making their Complaint against Defendant, and allege as follows:

1. Plaintiffs Arthur C. Carlson, Jr., and wife, Margaret G. Carlson, ("the Carlsons") are citizens and residents of Aiken County, South Carolina.

2. Defendant, United States of America, is the government of the United States, and is the owner of the Savannah River Site (SRS) property, a key United States Department of Energy (DOE) facility established in 1950 by the Atomic Energy Commission.

3. This is an action for damages under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. (FTCA).

4. The United States is the proper defendant in this matter under 28 U.S.C. §1346.

5. All requirements and conditions for the bringing of this action under the FTCA have been met, in that the Plaintiffs duly and timely presented an administrative claim (SF 95)

to the U.S. DOE, which was denied. This action is brought within six months of the denial of said claim.

6. The SRS, owned by the United States, is a significant and large facility that is involved, among other missions, in the production of tritium and plutonium in support of the nation's nuclear stockpile. The SRS has numerous other missions as well. The SRS Plant is comprised of a multi-billion dollar facility, with a total annual budget authority (published) in the range of near $2 billion.

7. The SRS lies in parts of Aiken, Barnwell, and Allendale Counties. On information and belief, the SRS Plant employs approximately 16,000 people. The SRS is traversed by numerous primary and secondary roads and roadways, as well as state highways, including SC Highway 125.

8. On information and belief, most if not all of the approximately 16,000 people who work at the SRS Plant commute to and travel within the SRS facility on a daily basis during the workweek. Many of those persons, as well as the general public, travel on SC Highway 125 through the SRS property owned by the United States as the landowner.

9. Due to the nature of the size and importance of the SRS Plant and facility, the size and significance of its budget, the vast number of people who work at the facility (which is equal in size to a small city), and the fact that the SRS is traversed by State Highways, the property is more characteristically urban in nature, rather than rural.

10. On July 27, 2003, the Carlsons were traveling through the SRS on SC Highway 125, Atomic Road, in Aiken County, South Carolina, returning to their home in Jackson, South Carolina, from a trip.

11. Mr. Carlson was driving his vehicle, 1999 Chevy Tahoe SUV, at a lawful rate of speed.

12. At approximately 9:05 p.m., the Mr. Carlson came upon, and unavoidably collided with, a large pine tree lying perpendicular across the roadway of SC Highway 125. This pine tree had fallen from the land owned by the Defendant.

13. Because of the lighting conditions, Mr. Carlson, who was driving, could not see the tree until it was too late, and therefore it was impossible to avoid crashing into the tree with his truck.

14. According to the U.S. Naval Observatory Astronomical Applications Department, the official time of sunset on July 27, 2003, for this locality was 8:31 p.m. Civil Twilight ended at 8:58 p.m.

15. Both Mr. and Mrs. Carlson were injured as a result of the violent collision, and their truck was damaged beyond repair.

16. A subsequent investigation of the scene and surrounding environs showed that the tree that fell the night of July 27, 2003, was weakened and diseased.

17. There were a large number of other dead standing, dead fallen, and diseased or weakened pine trees in the immediate area.

18. The tree that fell was within close proximity to the roadway such that, if the tree failed and fell, it would likely fall across the road and strike a target (person or property), or fall across the road at twilight or nighttime and be a hazard to motorists.

19. At all times relevant, the defendant, the United States, as landowner and acting through its responsible agents, servants, or employees, had a duty of reasonable care to inspect and maintain trees on its property and to make certain they were safe. In addition, at all

times relevant, the United States, as landowner and acting through its responsible agents, servants, or employees, had a duty of reasonable care to make certain that its trees were safe for travelers of roads and highways adjoining its land, including those persons lawfully traveling on SC Highway 125.

FIRST CLAIM FOR RELIEF
**(Negligence)**

20. Paragraphs 1 through 19 above are incorporated herein by reference.

21. Defendant, The United States of America, had, and continues to have, a duty to use reasonable care to inspect trees on its property, the same as a private person, to make certain they are safe.

22. Defendant, The United States of America, also had, and continues to have, a duty to use reasonable care to make certain that trees on its property were and are safe for travelers of streets and highways (including SC Highway 125) adjoining its land, the same as a private person.

23. Defendant, The United States of America knew or should have known that there were several weakened, diseased, and/or dangerous trees ("danger trees") within the immediate vicinity of SC Highway 125 where the tree fell across the roadway and was struck by the Carlson vehicle on July 27, 2003.

24. Defendant, The United States of America knew or should have known that when these "danger trees" failed, they could likely fall in the direction of and into the road, and cause damage to property, and injury or death to persons.

25. The danger tree that fell on or about July 27, 2003, from property owned and

controlled by Defendant, The United States of America, and caused property damage and personal injuries to the Plaintiffs, could and should have been discovered – and remediated – by the Defendant, prior to the time it fell.

26. Defendant, The United States of America was negligent in one or more of the following respects:

    a. Failing to have a routine, adequate program in place to inspect the trees on the SRS property along SC Highway 125, to identify weakened, diseased or dangerous trees or branches that could break or fall and reach the roadway;

    b. Failing to identify "danger trees" along that portion of SC Highway 125 traveled by the Carlsons on July 27, 2003;

    c. Failing to discover and remediate the "danger trees" along that portion of SC Highway 125 traveled by the Carlsons on July 27, 2003, before the tree in question failed and caused property damage and injury to the Carlsons;

    d. Otherwise neglecting, through act or omission, to remove or remediate danger trees along SC Highway 125 of which Defendant, The United States of America, acting through its responsible agents, servants, or employees, was aware or should have been aware.

27. The Carlsons have been damaged as a direct and proximate result of the foregoing acts of negligence by Defendant, The United States of America, due to the negligent actions and/or omissions of its responsible agents, servants, or employees, and are entitled to recover from Defendant according to proof and as permitted under the FTCA.

WHEREFORE, Plaintiffs Arthur C. Carlson, Jr., and wife, Margaret G. Carlson respectfully pray the Court:

1. For Judgment in favor of Plaintiffs and against the Defendant, according to proof, and as allowed under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq.;

2. For such other and further relief as may be just and proper.

June 19, 2006
Columbia, SC

/S/ Eric S. Bland (ID #5472)
Bland Richter, LLP
1500 Calhoun Street
Columbia, SC 29201

Email: ericbland@blandlaw.com

Tel. 803-256-9664

Attorneys for Plaintiff