IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| ARTHUR C. CARLSON, JR. and wife,<br>MARGARET G. CARLSON<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>          Defendant. | Civil Action No.: 1:06-1836-RBH |

## ANSWER OF THE UNITED STATES OF AMERICA

The Defendant, United States of America, by and through its attorneys, in answer to the Complaint states as follows:

### FOR A FIRST DEFENSE

The Defendant United States, denies each and every allegation in the Complaint which is not hereinafter expressly admitted.

1. The Defendant United States admits the allegations of Paragraph 1 and 2.

2. The Defendant United States neither admits nor denies the allegations of Paragraph 3 because they are jurisdictional.

3. The Defendant United States does not have sufficient information to admit or deny the allegations of Paragraph 4, and therefore denies same.

4. As to Paragraph 5, the Defendant United States admits that the Plaintiffs filed a timely administrative claim with the United States Department of Energy and that the Department of Energy denied the claim. The Defendant United States denies the remaining allegations in Paragraph 5 and demands strict proof thereof.

5. As to Paragraph 6, the Defendant United States admits that Savannah River Site "SRS" is significant and large and has a tritium mission in support of the nation's nuclear stockpile. The Defendant denies the remainder of the allegations and would specifically show that SRS no longer produces plutonium. The Defendant specifically denies the existence of any entity known as the "SRS Plant".

6. As to Paragraph 7, the Defendant United States admits that SRS lies in Aiken, Allendale and Barnwell Counties. The Defendant denies that SRS employs 16,000 people and would affirmatively show that SRS employed less than 13,500 people in January, 2003. The Defendant specifically denies the allegation that SRS is traversed by numerous primary and secondary roads and state highways, and would specifically show that South Carolina Highway 125 is the only state highway traversing SRS.

7. As to Paragraph 8, the Defendant United States admits that its employees commute to work and travel within SRS. The Defendant admits that the general public travels on Highway 125. The Defendant does not have

2

sufficient information concerning the remaining allegations of Paragraph 8, and therefore denies same. The Defendant would affirmatively show that the Defendant granted an easement dated July 27, 1967, to the State of South Carolina to incorporate South Carolina Highway 125 into the South Carolina state public highway system.

8. The Defendant United States specifically denies the allegations of Paragraph 9 and demands strict proof thereof. The Defendant would show that South Carolina Highway 125 is surrounded by forests on both sides for its entire length and can only be characterized as "rural".

9. As to Paragraph 10, the Defendant United States admits that the Carlsons were traveling on South Carolina Highway 125 on July 27, 2003. The United States does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 10, and therefore they are denied.

10. The Defendant United States does not have sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and therefore they are denied.

11. As to Paragraph 12, the Defendant United States admits that a pine tree fell across South Carolina Highway 125. The United States does not have sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 12, and therefore they are denied.

12. The Defendant United States does not have sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraphs 13, 14, and 15, and therefore they are denied.

13. The Defendant United States specifically denies the allegations of Paragraphs 16, 17 and 18, and demands strict proof thereof.

14. The Defendant United States denies each and every allegation in Paragraph 19. The Defendant would affirmatively show that the State of South Carolina assumed responsibility for maintenance of South Carolina Highway 125 under the terms of the July 27, 1967 easement.

15. The Defendant United States denies the allegations of Paragraphs 21, 22, 23, 24, 25, 26, and 27 and demands strict proof thereof.

## FOR A SECOND DEFENSE

16. This Court lacks subject matter jurisdiction as to the claims against the Defendant United States.

## FOR A THIRD DEFENSE

17. The suit is barred because the Plaintiffs' tort claim was not presented in writing to the appropriate federal agency within two years after the claim accrued.

## FOR A FOURTH DEFENSE

18. The Plaintiffs failed to provide effective service of process on the United States Attorney General.

## FOR A FIFTH DEFENSE

19. The Plaintiffs have failed to state a claim or cause of action against the Defendant United States for which relief can be granted.

## FOR A SIXTH DEFENSE

20. If the Plaintiffs sustained injuries or damages, then the alleged injuries and damages were caused solely by an Act of God, and not by agents or employees of the United States for whom the United States has any liability pursuant to the Federal Tort Claims Act.

## FOR A SEVENTH DEFENSE

21. Plaintiffs' fault and negligence in causing this alleged accident must be compared against the fault and negligence, if any, of Defendant, and Plaintiffs' recovery, if any, must be diminished in proportion to Plaintiffs' fault and negligence in causing the alleged accident.

## FOR AN EIGHTH DEFENSE

22. Plaintiffs' damages and injuries, if any, were proximately caused by their own negligence, carelessness or failure to exercise due care, or in the alternative, Plaintiffs' own fault is comparatively greater than any fault on the part of Defendant, thus Plaintiffs are barred from any recovery against Defendant.

## FOR A NINTH DEFENSE

23. Plaintiffs' recovery is barred or limited by the provisions of the South Carolina law on comparative negligence.

## FOR A TENTH DEFENSE

24. The Defendant United States, through its employees and agents, acted with due care and diligence at all relevant times.

## FOR AN ELEVENTH DEFENSE

25. No acts or omissions by the United States were the proximate cause of any injury to the Plaintiffs.

## FOR AN TWELFTH DEFENSE

26. In the event the United States is found to have been negligent, which negligence is denied, the superseding and intervening negligence of third parties, for whom the United States cannot be held liable, broke any causal connection between the United States' negligence and the Plaintiff's alleged injury, cutting off the legal effect of the Defendant United States' negligence.

## FOR AN THIRTEENTH DEFENSE

27. In the event that the United States is found to have been negligent, which negligence is denied, the negligence of the Plaintiffs was the proximate cause of and contributed to any alleged injuries or damages sustained, thereby barring recovery, or alternatively, mandating that any recovery be proportionately reduced.

## FOR AN FOURTEENTH DEFENSE

28. If, by reason of the matters alleged in their complaint, the Plaintiffs sustained injuries or damages, then said injuries were caused in whole or in part by the

acts of third parties and were not caused by any fault or negligence of the United Sates, its officers, agents, employees or others for whom the United States has any liability pursuant to the Federal Tort Claims Act.

### FOR A FIFTEENTH DEFENSE

29. The Plaintiffs' recovery, if any, is limited to the damages claimed in the administrative petition filed with the federal agency under the Federal Tort Claims Act.

### FOR A SIXTEENTH DEFENSE

30. The Plaintiffs do not possess a tort claim under the law of the place where the alleged negligent or wrongful acts or omissions occurred.

### FOR A SEVENTEENTH DEFENSE

31. The Plaintiffs' claims are bared to the extent that they are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty. 28 U.S.C. § 2680(a).

WHEREFORE, having fully answered the Plaintiffs' complaint, the Defendant United

States prays that the same be dismissed and that the Court grant the United States such further relief as may be just and proper.

                                              Respectfully submitted,

                                              REGINALD I. LLOYD
                                              UNITED STATES ATTORNEY

                                 By:    S/BETH DRAKE
                                              Beth Drake, AUSA (#5598)
                                              1441 Main Street, Suite 500
                                              Columbia, SC 29201
                                              (803) 929-3061

August 24, 2006

Of Counsel:

Lucy M. Knowles
Chief Counsel
U.S. Department of Energy
Savannah River Operations Office
P. O. Box A
Aiken, SC 29802
(803) 952-7618